The Honorable Roy C. "Bill" Lewellen State Senator P.O. Box 287 Marianna, Arkansas 72360
Dear Senator Lewellen:
This opinion is being issued in response to your recent questions regarding nonprofit organizations. You have asked:
 (1) Is it permissible for a 501(c)(3) nonprofit organization to own and operate private for-profit businesses such as grocery stores and auto-part stores?
 (2) If not, is it permissible for a 501(c)(3) nonprofit organization to circumvent this restriction by forming a for-profit company and lending money belonging to a 501(c)(3) nonprofit organization to the for-profit company and transferring profits of the for-profit company back to the nonprofit organization?
RESPONSE
Organizations that have tax exempt status as nonprofit organizations under the provisions of 26 U.S.C. § 501(c)(3) can, under certain circumstances, engage in for-profit, taxable business enterprises without losing their tax exempt status. See, e.g., 26 U.S.C. §§ 501(b), 512, 513,4943, 4944, and 4945. The Arkansas Nonprofit Corporation Act can restrict, to a certain extent, the use of these provisions. See, e.g., A.C.A. § 4-33-150(b).
A determination of whether a particular nonprofit organization's business enterprises are permissible or restricted is a very fact-intensive inquiry. An analysis of this issue, therefore, would require a thorough knowledge of the specific facts surrounding the nonprofit organization in question and the for-profit enterprises in which it engages.
Because I am not privy to such information, I am unable to engage in an analysis of the issues that you have raised or to opine in response to your questions.
The foregoing response, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh